On petitioner's petition for reconsideration filed July 9, reconsideration allowed; decision (141 Or App 598, 918 P2d 460) adhered to July 31, petition for review denied September 24, 1996 (324 Or 229)

Malcolm B. HIGGINS,
*Respondent,*

*v.*

MARION COUNTY,
*Respondent below,*

*and*

Weldon NUSBAUM
and Barbara Nusbaum,
*Petitioners.*

(95-055; CA A92358)

921 P2d 413

Donald M. Kelley for petition.

Before De Muniz, Presiding Judge, and Leeson and Haselton, Judges.

DE MUNIZ, P. J.

## DE MUNIZ, P. J.

Petitioners Nusbaum applied for, and Marion County granted, a lot line adjustment and a permit for a primary farm dwelling. The adjustment was sought to relocate the area of two lots, which ostensibly had been partitioned from a 96-acre parent parcel at some earlier time, in such a way that the "second" lot would no longer be on the same side of the line as the "first" lot, where a primary dwelling is already situated.[1]

Respondent Higgins appealed to LUBA. It concluded, *apparently as a matter of law*, that the 96-acre parcel had never been lawfully partitioned. Consequently, it held that neither the lot line adjustment nor the dwelling could be permitted, and it reversed the county's decision. Petitioners sought our review, and we affirmed without opinion. 141 Or App 598, 918 P2d 460 (1996).

Petitioners now move for reconsideration, and contend that the appropriate disposition is for us to direct LUBA to remand the decision to the county so that it can make findings as to whether the parent parcel had ever been partitioned.[2] In our view, that is not the proper disposition.

This is not a proceeding on an application for a partition. LUBA concluded that an *antecedent* partition was a condition precedent to the granting of what petitioners are applying for, and that that had not occurred. We found no basis for reversing LUBA's decision on that point in our earlier consideration of this case. For that reason, we find no basis now for remanding the case to the county to enable it to effectively allow a partition for which no application has been made, in the guise of making further findings concerning the two applications that LUBA and we have held the county erred by granting.

Reconsideration allowed; decision adhered to.

---

[1] The parties appear to agree that it is impermissible for a second primary dwelling to be located on the same lot as an existing one.

[2] Petitioners assert that respondent agreed with that point at oral argument before this court. We find respondent's counsel's comments to be ambivalent on the point.